Lloyd TIEDEMAN, Appellant,

v.

STATE of Alaska, Appellee.

No. 3394.

Supreme Court of Alaska.

March 31, 1978.

Stephanie J. Cole, Rice, Hoppner & Hedland, Anchorage, for appellant.

William D. Cook, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

BURKE, Justice.

This decision arises from a sentence appeal.

On April 1, 1977, appellant Lloyd Tiedeman was brought before the superior court at Cordova, Alaska, to be sentenced pursuant to his conviction for unauthorized entry[1] and assault and battery.[2] Both offenses are misdemeanors and together subjected Tiedeman to a maximum possible punishment of eighteen months imprisonment and a fine of $500.00.[3]

Prior to imposing sentence the court heard statements from Tiedeman, his counsel, the assistant district attorney, and the person whose home had been the subject of the unauthorized entry. The relevant information thus presented to the court can be adequately summarized in the following manner: At the time these offenses were committed, Tiedeman was twenty-four years old and had a prior criminal record consisting of two convictions in 1974; one for unauthorized entry and the other for malicious destruction of personal property.[4] Although it is not established that Tiedeman is a chronic alcoholic, it does appear that alcohol intoxication has been an important contributing factor in his criminal behavior. At the time of sentencing in the instant case, appellant had undergone approximately three weeks of therapy at a residential alcohol treatment center. Counsellors who had worked with him there indicated in a letter presented to the court that he was making progress and recommended that he be allowed to complete the 90 day course of treatment. The court was also informed of the extent of the damages done to the house that had been the subject of the unauthorized entry.

After receiving this information, the judge carefully discussed each of the factors which must be considered in every sentencing decision.[5] Following this, Tiedeman was sentenced to one year of imprisonment for the unauthorized entry with all but 100 days suspended.[6] He was then placed on probation for a period of five

---

1. AS 11.20.135.

2. AS 11.15.230.

3. AS 11.15.230 provides that one convicted of assault and battery may be punished "by a fine of not more than $500, or by imprisonment in a jail for not more than six months, or by both." The penalties for violation of AS 11.20.135 are prescribed in AS 11.05.010 which states:

    Whenever an act is declared to be a misdemeanor, and no punishment is prescribed, the person, upon conviction, is punishable by imprisonment in a jail for not more than one year, or by a fine of not more than $500.

4. AS 11.20.520.

5. *See State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970).

6. The court was informed that Tiedeman had spent 100 days in jail awaiting trial in the instant case. AS 11.05.040 provides in part that "[a] person who is sentenced shall receive credit toward service of his sentence for time spent in custody pending trial . . . ." Hence, Tiedeman has already served the unsuspended portion of his sentence.

years[7] subject to a number of conditions. First, Tiedeman was required to complete the course of treatment at the residential alcohol treatment center. Secondly, he was required to pay within one year the sum of $300.00 to the owner of the house for damages sustained as a result of the unauthorized entry. Finally, Tiedeman was not to commit any criminal acts nor appear in any public place in a state of intoxication during the entire period of his probation. The judge then went on to sentence him to 90 days in jail for the assault and battery offense with the provision that the sentence was to run concurrently with that imposed for the unauthorized entry.

Tiedeman now appeals his sentence for unauthorized entry, claiming that the trial judge was clearly mistaken[8] in imposing the maximum period of probation of five years with the condition that appellant not appear intoxicated in a public place during that time. In support of his position Tiedeman first refers to various authorities that have recommended two years or less as a maximum period of probation for any misdemeanant.[9] He then argues that it was improper for the judge to prohibit him from appearing intoxicated in a public place as a condition of probation. This condition, he claims, is tantamount to a threat of punishment for displaying the symptoms of the disease of alcoholism and hence should be vacated by this court.

We are unpersuaded by these arguments. ■ Turning first to the challenged condition of probation, we find it to be reason-

ably related to the rehabilitation of the appellant.[10] This conclusion is premised upon the link between alcohol intoxication and Tiedeman's past criminal behavior. It appears that the court below was persuaded that Tiedeman was able and willing to overcome his drinking problem and that this achievement would be a key factor in his rehabilitation. Thus the judge gave appellant a chance to prove himself by remaining sober in public during his period of probation. We cannot say the sentencing judge was clearly mistaken in this decision. In *Martin v. State*, 517 P.2d 1399 (Alaska 1974), we upheld a condition requiring the probationer, an avowed alcoholic, to abstain from the use of alcohol, saying:

> [I]t was certainly reasonable for the sentencing court to conclude that appellant's rehabilitation was dependent upon his abstention from alcohol and so make abstention a condition of probation. Subsequently, at [his] revocation hearing, it was well within the court's discretion to decide that appellant's failure to abide by this condition interfered with his rehabilitation, making it unlikely that further probation would benefit him.

517 P.2d at 1402. Similar reasoning persuades us to uphold the condition of probation in this case.

■ Similarly, we are unable to say that the court below was clearly mistaken in setting the length of probation at five years.[11] This is Tiedeman's second conviction for unauthorized entry. Nearly two

---

**7.** AS 12.55.090 provides:
   (a) Probation may be granted whether the crime is punishable by fine or imprisonment or both. If a crime is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.
   (b) The court may revoke or modify any condition of probation, or may change the period of probation.
   (c) The period of probation, together with any extension, shall not exceed five years.

**8.** This standard of review was firmly established by the decision of this court in *McClain v. State*, 519 P.2d 811 (Alaska 1974).

**9.** Appellant cites the following authorities: American Bar Association Standards Relating to Probation, (Approved Draft 1970), § 1.1(d); Comment, ALI Model Penal Code, Tentative Draft No. 2, § 301.2; Standard Probation and Parole Act, (1955 Revision) § 16.

**10.** *See People v. Lent*, 15 Cal.3d 481, 124 Cal. Rptr. 905, 541 P.2d 545 (1975).

**11.** Under AS 12.55.080, a court may suspend the *execution* of all or a portion of a sentence and place the defendant on probation "for a period and upon the terms and conditions as the court considers best." That period of probation, however, is specifically limited by AS 12.55.090(c) to a maximum of five years. *Jackson v. State*, 541 P.2d 23, 25 (Alaska 1975).

and a half years elapsed between his first and second offense, and it seems reasonable to us to conclude that a somewhat longer period of probation is necessary to help ensure appellant's full rehabilitation. Furthermore, we note that Tiedeman concedes in his brief that as a misdemeanant he will not be subject to formal supervision while on probation. Hence, the burden imposed upon him is minimal.

This differs from probation granted after the court suspends the *imposition* of any sentence under AS 12.55.085(a). In the latter case the legislature has specifically limited the period of probation to a term not to exceed the maximum sentence which could be imposed for the particular offense. Thus, under AS 12.55.-085(a), the period of probation in this case could not have exceeded the one-year period of the maximum sentence. However, since the court actually imposed sentence and suspended the execution of a portion thereof, the only statutory limitation on the term of probation is that contained in AS 12.55.090(c). Interpreting a similar limitation contained in 18 U.S.C. § 3651 the United States Court of Appeals, 4th Circuit, held in *Hollandsworth v. United States*, 34 F.2d 423 (4th Cir. 1929), that a term of

Therefore the sentencing decision of the court below is AFFIRMED.

probation is not limited by the maximum term of possible imprisonment saying:

There is no restriction upon the discretion of the district courts as to the period of probation, except the limitation of five years expressly provided by the statute.

34 F.2d at 427. This holding has been repeatedly followed in the federal courts without further discussion. *United States v. Lancer*, 508 F.2d 719, 724 n. 18 (3rd Cir. 1975); *Driver v. United States*, 232 F.2d 418, 421–22 (4th Cir. 1956); *Mitchem v. United States*, 193 F.2d 55, 57 (5th Cir. 1951); *United States v. Sumpter*, 287 F.Supp. 608, 610 (S.D.Tex.1968). *Accord, People v. Tadla*, 110 Ill.App.2d 119, 249 N.E.2d 155, 158 (1969). AS 12.55.080 and AS 12.55.-090 appear to have been modeled after the federal statute. *Jackson v. State, supra* at 25.