**Phillip A. REYNOLDS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4024.**

Supreme Court of Alaska.

May 11, 1979.

---

Patrick J. McKay, of Pettyjohn & Pestinger, Anchorage, for appellant.

Thomas M. Wardell, Dist. Atty., Kenai, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

PER CURIAM.

This is a sentence appeal.

Upon pleas of guilty, defendant was convicted of one felony count and one misdemeanor count of receiving and concealing stolen property. He was sentenced to three years, the maximum, on the felony count,

and one year, the maximum, on the misdemeanor count. These were to be served consecutively to each other and to a sentence then being served for a parole revocation on an earlier offense. However, three years of the combined sentences were suspended, with defendant to be on probation for five years. In addition to other conditions of probation, defendant was to enroll in a TASC[1] program, was to make restitution of $958, and was not to consume nonprescription drugs or alcohol.

Defendant was twenty-five years of age at the time of sentencing. He had an extensive record of antisocial behavior, including three residential burglaries as a juvenile and, as an adult, convictions for illegal possession of moosemeat, receiving and concealing stolen property, several convictions of burglary in a dwelling, one conviction of passing a forged check, and convictions on two previous occasions for attempting to pass forged checks. Additionally, he had one probation violation and one parole violation on his record.

Defendant contends that the court was clearly mistaken in characterizing him as the worst type of offender. We are unpersuaded. The court had before it an extensive presentence report and the past record of the defendant, from which it could reasonably draw its conclusions.

Similarly, in prohibiting the use of drugs and alcohol as a condition of probation, the court acted reasonably. There was copious evidence before the court that alcohol played a substantial role in defendant's criminal behavior, and that he had in the past been addicted to heroin, although reportedly he had achieved a cure for that addiction.

The trial court ordered that the defendant receive no credit for time served since his arrest. This was proper in view of the court's action in making the sentences consecutive to the time to be served on the parole revocation, for the time served from defendant's arrest should properly have been credited toward the parole revocation sentence. AS 11.05.040; AS 33.15.200. Given the defendant's extensive criminal record and lack of rehabilitation, we do not think that the total sentences were excessive.

Defendant argues that the five year probationary period exceeded the statutory maximums which could be imposed for the underlying offenses and, therefore, was excessive. This claim is without merit. *See Tiedeman v. State*, 576 P.2d 114 (Alaska 1978).

AFFIRMED.

---

1. "Treatment Alternatives to Street Crimes."