**James EDISON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–940.**

Court of Appeals of Alaska.

Nov. 29, 1985.

Amy Spare, Asst. Public Defender, Bethel, and Dana Fabe, Public Defender, Anchorage, for appellant.

Janna Stewart, Asst. Dist. Atty., Bryan Schuler, Dist. Atty., Bethel, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

James Edison pled *nolo contendere* to driving while intoxicated. AS 28.35.-030(a)(1). On appeal, he challenges only the condition of probation requiring him to obtain, for a period of one year, written court permission before entering the village of Marshall. We vacate that condition of probation.

At the sentencing hearing, the magistrate commented that in the past four months he had twice sentenced Edison for alcohol-related misdemeanor assaults, and that by driving while intoxicated Edison had violated the conditions of those probations. The court fined Edison $500 with $250 suspended, sentenced him to forty days in jail with twenty-five days suspended, and revoked his driver's license for ninety days. Edison was placed on probation for one year under the following conditions: that he obey all laws; that he not possess or consume any alcoholic beverages while in or on a motor vehicle or watercraft; that he obtain alcohol counseling; and that he "not ... return to Marshall without written permission of court," except for a three day period after release from jail to collect his personal effects.

Edison claims that the condition of probation prohibiting him from entering Marshall for one year without prior written permission from the court is unconstitutional. We do not address Edison's constitutional arguments since we are persuaded that the challenged condition runs afoul of this state's requirement that all conditions of probation be "reasonably related to the rehabilitation of the offender and the protection of the public and ... not be unduly restrictive of liberty." *Roman v. State*, 570 P.2d 1235, 1240 (Alaska 1977).[1]

The supreme court has also stated that there must be some nexus between the condition of probation and the underlying offense. In *Sprague v. State*, 590 P.2d 410, 417–18 (Alaska 1979) the court vacated a probation condition that required a person convicted of burglary to submit to warrantless searches for drugs:

> Our reasoning in *Roman* does not permit us to approve a consent to search based on so weak a connection between the crime committed and the condition of probation. Sprague was not accused of any drug offenses, nor was it shown that he was addicted to drugs or that his involvement in the burglary was precipitated by a need for money to purchase illegal drugs. If we were to uphold the probation condition in this case, in effect, we would be opening up virtually all classes of offenders to warrantless searches on less than probable cause. We decline to find that the dual goals of rehabilitation of the probationer and protection of the public require such a result.

590 P.2d at 418 (footnotes omitted). *See also Tiedeman v. State*, 576 P.2d 114, 116 (Alaska 1978) (condition of misdemeanor probation prohibiting Tiedeman from appearing intoxicated in public for five years upheld, because of the link between intoxication and his past criminal behavior).

This court, in *Oyoghuk v. Anchorage*, 641 P.2d 1267 (Alaska App.1982) (Singleton, J., concurring), upheld an area restriction imposed as a condition of probation. Oyoghuk was convicted of soliciting for prostitution, and was prohibited from being "within a two block radius of Fourth Avenue and C Street," an area renowned at the time for street prostitution. The majority opinion cautioned that area restrictions should be defined with specificity so that the prohibited area is "not unnecessarily broad," and that provision should be made for lawful travel in the area for legitimate purposes. *Oyoghuk*, 641 P.2d at 1270 n. 4.

Each party to the instant case claims that *Oyoghuk* supports its position. We think *Oyoghuk* is readily distinguishable

---

1. Roman challenged a parole condition requiring submission to warrantless searches for contraband. The court expressly noted, however, that probationers and parolees were not to be distinguished for purposes of the decision. *Roman*, 570 P.2d at 1237 n.3.

from the instant case for two reasons. First, the challenged condition in *Oyoghuk* involved a discrete area of only four blocks which was directly associated with the type of criminal activity for which Oyoghuk was convicted. By contrast, there is no analogous nexus between driving while intoxicated and the entire town of Marshall. Second, Oyoghuk did not allege that she was conducting any legitimate activities in the proscribed area; Edison, on the other hand, works in Marshall as a commercial fisherman and has chosen to make his home there.[2]

For driving a snow machine while intoxicated, Edison was ordered to leave the town of Marshall, where he was living and working, for a period of one year absent the written permission of the court. We vacate this condition for three reasons.

First, the condition is not reasonably related to the nature of the underlying offense. There is no evidence in the record from which to conclude that Edison is more likely to drive while intoxicated in Marshall than anywhere else. *See Sprague v. State*, 590 P.2d at 418.

Second, the condition is unnecessarily severe and restrictive. *See Oyoghuk v. Anchorage*, 641 P.2d at 1271 (Singleton, J., concurring). If the court sought to address the problem of Edison's alcohol abuse, it could have done so more directly. *See e.g. Tiedeman v. State*, 576 P.2d at 116; *Martin v. State*, 517 P.2d 1399, 1402 (Alaska 1974) (upholding absention from alcohol as a condition of probation); *Brown v. State*, 406 So.2d 1262 (Florida App.1981) (probation condition requiring the defendant to "stay away from bars" upheld as reasonable).

Third, the condition does not appear to be reasonably related to Edison's rehabilitation since there is no evidence in the record to suggest that some endemic characteristic of Marshall contributes to Edison's criminal behavior. Nor is the condition reasonably related to the protection of the public, since it prohibits neither drinking, nor driving, nor assaultive conduct.

The state asserts on appeal that Edison's three misdemeanor convictions constitute a "chain of criminality" that will be broken only if he is forced to leave Marshall. We note that the prosecutor at sentencing did not recommend or argue in favor of the condition of probation challenged here. The prosecutor did, however, present evidence that certain residents of Marshall, including the mayor, had officially requested the district attorney's office and the court to remove Edison from Marshall.

We recognize that there may be situations in which a probationer may reasonably be required to temporarily vacate a specific geographical area that is associated with criminal activity. We caution, however, that any such restrictions must comport with the reasonableness requirements of *Tiedeman, Roman, Sprague,* and *Oyoghuk.* When probationers are ordered to leave areas where they live or work, the sentencing judge must make findings of fact on the record justifying both the geographical scope and the time limits of the restriction.

In the instant case, based on the record before us, we conclude that the condition of probation prohibiting Edison from entering Marshall for the term of his probation without prior written permission from the court is not a reasonable condition.

The condition is VACATED.

---

**2.** The state argues that Edison was "not legitimately employed" in Marshall because he could fish elsewhere. This argument misses the point. We believe it is obvious that fishing is a lawful occupation, while prostitution is not.