**William A. JONES, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1513.**

Court of Appeals of Alaska.

Oct. 31, 1986.

Nancy J. Nolan, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Marcia H. Bissell, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before COATS and SINGLETON, JJ., and STEWART, District Judge.*

STEWART, District Judge.

William A. Jones pled no contest to fifth-degree misconduct involving a controlled substance (marijuana), a class A misdemeanor, in violation of AS 11.71.050(a)(2). On appeal, Jones challenges a probation condition which prohibited him from being in the Anchorage downtown area of Third Avenue to Sixth Avenue and E Street to Latouche Street twenty-four hours a day for the period of one year. We vacate that condition of probation.

Jones, who was twenty-six at the time of the offense, was convicted for selling a ten-dollar baggie (one gram) of marijuana to an undercover police officer in an alley between Fourth and Fifth Avenues near D Street on September 17, 1985. At sentencing, Jones told the court that his financial resources were low, and that he had only resorted to the sale of marijuana on that occasion in order to be able to buy some food to eat that night. He also told the court that previously he had had difficulty finding work without a permanent residence, and that he was currently residing at 411 B Street where he received free lodging for performing janitorial duties at Bud's Tatoo, located at 419 B Street. Jones was sentenced to sixty days with thirty days suspended and, as a condition of probation, was effectively prohibited from maintaining his residence and employment on B Street.

The court had concluded, apparently on the basis of Jones' statements and Jones' record of misdemeanor offenses,[1] that the purpose of area restrictions in this case would be for the defendant to "find a new environment to live and play in." The court allowed Jones two weeks to move. Upon Jones' motion to reconsider, the court issued a written decision which stated:

The court has reviewed the sentencing hearing and the precedents cited by counsel. The court concludes that the defendant has not shown a substantial reason why he should not be excluded from Anchorage's "high crime district." The fact that a transient with an extensive criminal record likes to inhabit that particular area is precisely the reason the court imposed the restriction. The defendant may not escape the restriction by now claiming a convenient residence in the midst of that area. The defendant has not shown that he is being deprived of needed shelter, and, indeed, the transient shelter in Anchorage is located outside of the restricted area. In addition, the defendant has not shown that his legitimate employment opportunities are peculiarly related to the restricted area.

On appeal, Jones argues that the area restriction as a probation condition is unconstitutional because excluding Jones from his residence and employment constitutes cruel and unusual punishment, violates due process, and precludes Jones from exercising his state and federal constitutional rights of free speech and association. Jones also argues that the condition is vague and overbroad.[2]

It is unnecessary for this court to address the constitutional arguments made by Jones as we have determined that the area restriction imposed as a condition of probation does not comport with the requirement that it be "reasonably related to the rehabilitation of the offender and the protection of the public and ... not be unduly restrictive of liberty." *Roman v. State*, 570 P.2d 1235, 1240 (Alaska 1977).[3]

---

* Sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

1. Jones' convictions were as follows: in 1980, criminal trespass, driving while license suspended, and carrying a concealed weapon; in 1981, shoplifting and larceny; in 1982, two counts of damaging property; in 1983, two counts of shoplifting; and, in 1984, shoplifting.

2. Similar arguments were raised by the appellant in *Oyoghuk v. Anchorage*, 641 P.2d 1267, 1271 (Alaska App.1982) (Singleton, J., concurring).

3. *See also Sprague v. State*, 590 P.2d 410, 417–18 (Alaska 1979); *Tiedeman v. State*, 576 P.2d 114, 116 (Alaska 1978); *Edison v. State*, 709 P.2d 510 (Alaska App.1985).

In *Edison v. State*, 709 P.2d 510 (Alaska App.1985), this court recently considered a probation condition which prohibited Edison, who had been convicted of driving while intoxicated, from entering the village of Marshall, where he resided and was self-employed as a commercial fisherman without written permission of the court. We struck the conditions for three reasons: first, because it was not reasonably related to the nature of Edison's offense; second, the condition was unnecessarily severe and restrictive; and, third, the condition did not appear to be reasonably related to Edison's rehabilitation.

■ Although Alaska Statute 12.55.080 provides a broad grant of discretion to the courts to provide for probation "upon the terms and conditions as the court considers best," we must also invalidate the probation condition imposed in this case. First, although we would agree with the trial court that the Fourth Avenue area is generally known as having a significant amount of street crime, we cannot find on the basis of this record, that there is a clear nexus between the area and Jones' misconduct. By their nature, unfortunately, drug sales may be made at nearly any location in Anchorage, not just near or on Fourth Avenue. *Compare Oyoghuk v. Anchorage*, 641 P.2d 1267, 1270 (Alaska App.1982) (upholding a probation condition which prohibited the defendant from returning to a four-block area which was, at the time, "the primary, if not the only" area of street prostitution in Anchorage). *See Sprague v. State*, 590 P.2d 410, 417–18 (Alaska 1979) (probation condition which required the defendant to submit to warrantless searches for drugs had too weak a connection to underlying offense of burglary).

■ Furthermore, we find that the condition imposed in this case was unnecessarily severe and restrictive. In *Oyoghuk* and in *Edison*, this court recognized that, in some circumstances, an order requiring a probationer to temporarily vacate specific geographic locations associated with criminal activity may be reasonable. *Edison*, 709 P.2d at 512. However, an area restriction as broad as the one imposed in this case, encompassing an area of forty-five blocks, not only lacks a clear connection with the underlying offense but in this case had a demonstrable affect on the probationer's legitimate activities. Although Jones' residence at 411 B Street and his tenure at Bud's Tatoo were of short duration, and his employment was of an apparently marginal nature, the court's assumption that Jones would experience little hardship from this prohibition, because Jones could obtain housing at a shelter for transients located elsewhere, was unfounded on the record. The court made no inquiry of Jones regarding the hardship of such a relocation. The court, in this case, clearly erred in assuming the hardship was *de minimus* given Jones' allocution and the lack of any evidence to refute Jones' statements. *See People v. Beach*, 147 Cal.App.3d 612, 195 Cal.Rptr. 381, 385–87 (Cal.App. 2 Dist.1983) (court's order that defendant relocate herself from home and community was unnecessarily broad and violated constitutional rights to due process and intrastate travel, *inter alia* ). *Compare Oyoghuk* (no claim by appellant that she had any legitimate personal or business reasons for being in the proscribed two-block area).

■ Finally, the probation condition must be struck because it is not reasonably related to Jones' rehabilitation. Unlike a condition which prohibits certain types of activity (such as drinking) or the frequenting of certain types of establishments (such as bars) where the specifically prohibited activity is likely to occur, an area restriction as broad as the one imposed in this case is unlikely to have an impact on future criminal activity. If the court sought to address the problem of Jones' involvement with drugs or drug-trafficking, other, more related limitations were available which would not have proscribed legitimate activities. *See, e.g., Martin v. State*, 517 P.2d 1399, 1402 (Alaska 1974) (upholding a probation condition requiring probationer to abstain from drinking when probationer himself blamed his criminal behavior on his alcohol consumption). *See also Brown v.*

*State,* 406 So.2d 1262 (Fla.App.1981) (upholding a probation condition requiring defendant to "stay away from bars"); *People v. Lewis,* 77 Cal.App.3d 455, 143 Cal.Rptr. 587, 593 (Cal.App.1978) (prohibiting a convicted pimp from working " 'in bars, taxicabs or other locations suitable for acting like a pimp' " but not restricting entry); *State v. Setzer,* 35 N.C.App. 734, 242 S.E.2d 509 (N.C.App.1978) (limiting probationer who had been convicted of trespass from going into a public building except on business).

For the foregoing reasons, the probation condition is vacated. If the court wishes to impose probation conditions involving area restrictions, it may do so only upon evidence of a relationship between Jones' offense or offenses and the prohibited activity or area. They also cannot be so broadly drawn as to deny the defendant access to his residence and occupation.

The probation condition is VACATED; this case is REMANDED for resentencing.

BRYNER, C.J., not participating.