SHIVERS, Judge.
Appellant, after entering a plea of nolo contendere, was adjudicated guilty of the grand theft of several hundred dollars from two Eckerd drugstores, a Reveo drugstore, a TCBY Yogurt store, and a Baskin-Robbins ice cream store. As conditions of his two-year term of probation, the trial court ordered appellant to move out of his grandmother’s house and obtain his own residence within two weeks, to pay $250 in court costs, and to pay his share (along with three other codefendants) of $500 in restitution to the victims. We reverse each of these conditions.
First, the condition that the appellant move from his grandmother’s house and obtain his own residence within two weeks fails to fall within any of the conditions enumerated in section 948.03, F.S., nor does the record indicate any rational relationship between either the condition and the crime committed or the condition and the possibility of any future criminal conduct. Consequently, that condition is improper and must be stricken. Cole v. State, 521 So.2d 297 (Fla. 1st DCA 1988).
Next, the trial court erred in assessing $250 in costs without providing appellant the proper notice and opportunity to object. These protections must be provided before costs are imposed under either sections 960.20 and 943.25, F.S., Jenkins v. State, 444 So.2d 947 (Fla.1984), or under the amended version of section 27.3455, F.S. (1986 Supp.). Bellinger v. State, 514 So.2d 1142 (Fla. 1st DCA 1987); Carter v. State, 513 So.2d 782 (Fla. 1st DCA 1987); Riddell v. State, 509 So.2d 956 (Fla. 1st DCA 1987).
Last, the record indicates that defense counsel voiced an objection at the sentencing hearing to appellant’s being required to pay his share of restitution to one of the victims — Reveo—on the basis that there was no evidence of appellant’s involvement in that particular theft. The trial court’s only response to defense counsel’s objection was that the appellant would be “required to make restitution to all of the victims ... and if Reveo was not one of them, that will be eliminated by separate order.” The order of probation, entered the same day as the sentencing hearing, directed appellant to make restitution in the amount of $500, payable to the victims as follows: $220 to Baskin-Robbins, $120 to TCBY, $40 to one Eckerd’s store, and $20 to the other Eckerd’s store (for a total of $400). As to Reveo, the order stated “restitution to Reveo will be determined by written order of the court.”
The first problem with the condition of restitution is that the trial court apparently failed to make a later determination re *820 garding appellant’s responsibility for restitution to Reveo. Second, the comment made by the trial court following defense counsel’s objection seems to indicate that the court intended to eliminate appellant's responsibility for restitution to Reveo only if Reveo were later found not to have been a victim — an issue which is apparently not in dispute. The only relevant inquiry with regard to this issue is whether Revco’s loss was either directly or indirectly caused by the appellant’s offense. Section 775.089, F.S. Third, the PSI contained in the record on appeal indicates that $120 was taken from Reveo and that the total amount taken from the five victims was $520. The written order of probation, however, reflects a total of $500. It appears from the record that the total amount should be either $400 if restitution to Reveo is not included, or $520 if it is.
The issue of appellant’s financial ability to make restitution (raised in appellant’s initial brief) is foreclosed from appellate review due to the absence of any objection to the trial court’s failure to make inquiry at the sentencing hearing. Spivey v. State, 501 So.2d 698 (Fla. 2d DCA 1987); Thomas v. State, 517 So.2d 132 (Fla. 4th DCA 1987).
Accordingly, the condition that appellant move from his grandmother’s house and obtain his own residence within two weeks is hereby stricken. The imposition of costs is reversed and remanded with directions that appellant be given notice and an opportunity to object. The portion of the probation order directing appellant to make his share of $500 in restitution is reversed and the matter remanded with directions that the trial court conduct a hearing to determine whether any of the damage or loss sustained by Reveo was caused either directly or indirectly by appellant’s offense. After that determination is made, the $500 total reflected in the probation order shall be corrected to reflect the proper total amount of restitution due.
THOMPSON and ZEHMER, JJ., concur.