GOSHORN, Judge.
Michael Johnson appeals his adjudication of guilt of possession of drug paraphernalia after a plea of nolo contendere pursuant to a plea agreement.[1] He alleges and the state agrees that the adjudication of guilt was in violation of the plea agreement and thus error.
Johnson also urges as error the imposition of a term of his probation which banned him from coming within one block of an area in the City of Melbourne characterized as a high crime area known for drug trafficking. Johnson lived in this area with his mother while his wife was stationed in Germany. Johnson had a history of drug related problems and had, in fact, been arrested twice previously on the very street where his mother’s home was located. We conclude that these facts established a rational relationship between the crimes for which Johnson had been convicted and the challenged condition. Thus, the condition was proper as an attempt to deter future criminal conduct. Tucker v. State, 529 So.2d 818 (Fla. 1st DCA 1988) and Cole v. State, 521 So.2d 297 (Fla. 1st DCA 1988).
Accordingly, the judgment is reversed and remanded to the trial court with instructions to comply with the plea agreement regarding the adjudication of guilt or, in the alternative, to allow the defendant to withdraw his plea.
REVERSED and REMANDED.
COBB and COWART, JJ., concur.

. Johnson had also entered pleas to two counts of possession of cocaine, one count of loitering and prowling and an additional count of possession of paraphernalia.