The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jeanette McCARTY, Defendant–Appellant.

No. 91CA1378.

Colorado Court of Appeals, Div. IV.

Aug. 13, 1992.

Rehearing Denied Oct. 29, 1992.

Certiorari Granted May 10, 1993.

182

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Patrick J. Mulligan, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge METZGER.

Defendant, Jeanette McCarty, appeals the trial court's order requiring her to pay $28,540.07 as restitution. We affirm.

In May 1985, defendant entered into a stipulation for deferred judgment and sentence for theft over $10,000. She agreed to make restitution of $29,165.07 to the victim (her former employer) within two years and to abide by the usual terms and conditions of probation.

In 1988, after nine court appearances concerning noncompliance, defendant's deferred judgment was revoked. After the sentencing hearing, the trial court found she had failed to report to the probation department and had paid only $625 of restitution. Judgment of conviction was entered on the theft charge, and defendant was sentenced to five years probation. As conditions of her probation, defendant was ordered to comply with the usual terms and conditions of probation and to pay the remainder of the restitution.

In 1991, defendant's probation officer filed a petition to revoke her probation, alleging three bases: failure to pay restitution, failure to notify the probation department of a change of address, and failure to report to the probation department as required. Before the hearing, the district attorney withdrew the allegation of failure to pay restitution from the petition for revocation.

Defendant's probation officer testified at the hearing. He stated that defendant had told him that, since she had lost her job in early 1991, she had been living in her car. She had not reported during this time because she was afraid that she would be taken back to court for failure to comply with the terms of probation. However, as of the date of the hearing, defendant was employed and had a residence.

Defendant's probation was revoked for failure to report and failure to maintain a permanent address. The trial court then resentenced her to 16 years probation (computed from the date of entry of the judgment of conviction) and imposed conditions of probation identical to those previously

ordered, including payment of restitution of $28,540.07.

Initially, we note that § 16–11–101(1)(a), C.R.S. (1986 Repl.Vol. 8A) provides that the granting of probation and the conditions imposed thereon are not subject to appellate review unless probation is granted contrary to the provisions of Title 16.

## I.

Defendant contends that the order of restitution was contrary to §§ 16–11–102(5) and 16–11–204.5(1), C.R.S. (1986 Repl.Vol. 8A) because the trial court refused to allow her to present evidence of her inability to pay restitution. She maintains that the trial court's failure to allow her to present this evidence violated her rights to due process and equal protection of the laws. We find no error.

Section 16–11–206, C.R.S. (1986 Repl.Vol. 8A) provides in pertinent part:

> (3) At the [revocation] hearing, the prosecution has the burden of establishing by a preponderance of the evidence the violation of a condition of probation;

> . . . .

> (5) If the court determines that a violation of a condition of probation has been committed, it shall, within five days after the said hearing, either revoke or continue the probation. If probation is revoked, the court may then impose any sentence or grant any probation pursuant to the provisions of this part 2 which might originally have been imposed or granted.

A statute must be read and considered as a whole in order to ascertain the legislative intent in passing it. *People v. District Court*, 713 P.2d 918 (Colo.1986). To discern legislative intent, a court should look first to the statutory language. *People v. Warner*, 801 P.2d 1187 (Colo.1990). Words and phrases should be given effect according to their plain and ordinary meaning. *People v. Guenther*, 740 P.2d 971 (Colo.1987). And, if the language is clear and the intent appears with reasonable certainty, there is no need to resort to other rules of statutory construction. *People v. District Court, supra.*

Here, the language is clear and the intent of the General Assembly appears with reasonable certainty. The statute is silent on the right of the offender to present evidence of ability to pay restitution during the revocation hearing when the revocation is based on other grounds.

If the General Assembly had intended to allow such evidence, we must assume that it would have employed statutory terminology which clearly expressed that intent, as it has done under other circumstances within the same title. *See* § 16–11–102, C.R.S. (1986 Repl. Vol. 8A). Since it did not, we must assume that the General Assembly intended not to allow the presentation of additional evidence concerning the offender's ability to pay restitution before resentencing.

Under the statute, the only evidence which must be presented is evidence of violation of the conditions of probation. Here, defendant's probation was revoked for failure to report and failure to maintain a permanent address, not for failure to pay restitution. Therefore, since defendant's ability to pay restitution was not at issue, evidence concerning that ability would be irrelevant.

In addition, the statute does not require that a new sentencing hearing be conducted after revocation but before resentencing. In all instances, the trial court would have the presentence report, the evidence adduced at the original sentencing hearing, and the evidence from the revocation hearing to consider in determining the appropriate sentence to impose following revocation.

The lack of any statutory declaration permitting the presentation of evidence at the revocation hearing, other than evidence pertaining to the violation of conditions of probation, suggests that the General Assembly intended not to allow a new sentencing hearing after revocation of probation.

Additionally, the defendant has failed to cite, nor are we aware of, any case which

provides for a new sentencing hearing after revocation of probation but before resentencing. *Cf. People v. Wilhite*, 817 P.2d 1017 (Colo.1991).

Our construction is further supported by the fact that only upon proof of an offender's failure to pay restitution is the sentencing court authorized to modify the amount of restitution. Section 16–11–204.5(2), C.R.S. (1986 Repl.Vol. 8A). Consequently, in this case because the payment of restitution was not at issue in the revocation hearing, the trial court was not authorized to modify the amount of restitution.

Moreover, probation is a sentencing alternative that the defendant requested; this request is either granted or denied by the trial court. A defendant who objects to the terms of probation is free to reject the imposition of probation. *People v. Rollins*, 771 P.2d 32 (Colo.App.1989).

### A.

Defendant argues, however, that the denial of an evidentiary hearing violated her due process rights under the United States and Colorado Constitutions. We disagree.

The Fourteenth Amendment and Colo. Const. art II, § 25 provide that no person shall be deprived of liberty without due process of law. Here, however, the defendant has not been deprived of her liberty as a result of the order at issue. She remains on probation.

Moreover, before she is made to suffer adverse consequences for failure to pay restitution, defendant must be afforded the opportunity to present evidence that she did not have the ability to pay at the time the payments of restitution should have been made. *People v. Gore*, 774 P.2d 877 (Colo.1989). Therefore, she has not been denied due process of law.

### B.

Defendant also argues that the court's imposition of a 16–year probationary term was based on her inability to pay the restitution owing in a shorter period of time and that this extended period of probation violated her right to equal protection of the laws. Defendant maintains that she was punished more severely for her offense simply because she was poor and unable to make the restitution payments in a shorter period of time. We are not persuaded.

*People v. Martinez*, 844 P.2d 1203 (Colo.App.1992) is dispositive. Equal protection does not require that a defendant receive a sentence identical to those sentences received by all other felons who have committed the same class of felony. Rather, equal protection requires only that the minimum and maximum sentences imposed by the statute are the same for all persons charged with the same or similar offenses. Individual treatment of each defendant within the confines of the statute is within the discretion of the trial court. *People v. Garberding*, 787 P.2d 154 (Colo. 1990).

Section 16–11–206(5) provides that after revocation, the court may "grant any probation pursuant to the provisions of this part 2 which might originally have been ... granted."

This statute contains no time limitations with respect to the length of a probationary term or the length of the conditions attached to that term. Hence, the sentencing court was authorized by statute to consider a wide range of penalties in sentencing this defendant and others similarly situated. The exercise of that discretion within the range permitted by the statute does not deny defendant equal protection under the laws. *People v. Martinez, supra.*

### II.

Defendant also contends that the sentencing judge erred in not disqualifying himself from the proceedings. Defendant argues that bias against her and her counsel was revealed by the judge's refusal to grant a continuance and by his comment that: "I guess we're inching along in the inexorable process of sending this lady

**186**

down to the penitentiary." We disagree that recusal was required here.

 To be legally sufficient, a motion for disqualification and supporting affidavits must state facts from which it may reasonably be inferred that the judge has bias or prejudice that will prevent him or her from dealing fairly with the party seeking recusal. Section 16–6–201, C.R.S. (1986 Repl.Vol. 8A); *Wright v. District Court,* 731 P.2d 661 (Colo.1987). A judge is required to accept as true the facts stated in the motion and accompanying affidavits. *People v. Botham,* 629 P.2d 589 (Colo. 1981).

However, the general rule of law is that what a judge learns in his or her judicial capacity is a proper basis for judicial observations; the use of such information should not result in disqualification. *Smith v. District Court,* 629 P.2d 1055 (Colo.1981).

In her motion to disqualify, defendant asserted that the revocation hearing was set for the afternoon of the date upon which the petition was filed because the judge was going on vacation. The defendant noted the court's comments and alleged that she did not have time to prepare for a revocation hearing concerning her failure to pay restitution. These facts, assumed to be true, and the evidence adduced at the hearing fail to support an inference of bias or prejudice.

The court's comment about defendant's likely future was a personal opinion based on information which it had received in its judicial capacity and, hence, was a proper basis for judicial observation. *Smith v. District Court, supra.*

Regarding defendant's motion for a continuance, we note that the prosecutor withdrew any allegation that the defendant had failed to pay restitution, so that was no longer an issue. Moreover, the trial court denied the continuance because of its heavy docket and its vacation schedule as they affected the defendant's incarceration and inability to post bond. The trial court stated that it did not want the defendant to be incarcerated for five weeks until the next available docket setting for her revocation hearing. In our view, this rationale inured to defendant's benefit, not to her detriment.

Since the record is devoid of any facts which would tend to suggest the appearance of bias, the denial of defendant's motion for disqualification was not error.

Order affirmed.

TURSI and PLANK, JJ., concur.