The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

James Bradley BROCKELMAN,
Defendant–Appellant.

No. 92CA1665.

Colorado Court of Appeals,
Div. IV.

Oct. 21, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Matthew S. Holman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

James Bradley Brockelman, pro se.

Opinion by Judge RULAND.

Defendant, James Bradley Brockelman, appeals the judgment of conviction entered upon jury verdicts finding him guilty of violating both a mandatory restraining order under the Colorado Criminal Code and

a domestic abuse restraining order. He also appeals from a restitution order requiring him to pay $5,178.10 in medical costs incurred by the victim. We affirm.

Defendant was arrested and charged with third degree assault based on allegations that he hit the victim in the face several times and also choked her. A domestic abuse restraining order was obtained by the victim under § 14–4–102, C.R.S. (1993 Cum.Supp.). In addition, because of the third degree assault charge, a mandatory restraining order was also in effect pursuant to § 18–1–1001, C.R.S. (1993 Cum.Supp.).

Subsequently, the defendant contacted the victim by telephone in violation of both restraining orders. He was then charged with a violation of each.

### I.

■ On appeal, defendant does not challenge the convictions based upon the doctrine of merger or double jeopardy. Instead, defendant contends that § 18–1–1001 violates his constitutional right to equal protection of the laws by imposing a harsher penalty for conduct which is identical to that for which he was enjoined pursuant to § 14–4–102. We find no merit in this contention.

Section 18–1–1001(1) provides:

There is hereby created a mandatory restraining order against any person charged with a violation of any of the provisions of this title, which order shall remain in effect from the time that the person is advised of his rights at arraignment or the person's first appearance before the court and informed of such order until final disposition of the action or until further order of the court. Such order shall restrain the person charged from harassing, molesting, intimidating, retaliating against, or tampering with any witness to or victim of the acts charged.

A violation of this statute constitutes a class 1 misdemeanor pursuant to § 18–6–803.5(3), C.R.S. (1993 Cum.Supp.), which is punishable by a sentence of 6 to 24 months in the county jail as well as a fine.

Section 14–4–102 authorizes a municipal court, county court, and district court to issue temporary and permanent restraining orders to prevent domestic abuse. Section 14–4–102(2), C.R.S. (1993 Cum.Supp.) provides in relevant part:

A temporary or permanent restraining order to prevent domestic abuse may include:

(a) Restraining a party from threatening, molesting, injuring, or contacting any other party or the minor children of either of the parties....

A violation of an order issued pursuant to § 14–4–102(2) constitutes a class 3 misdemeanor pursuant to § 18–6–803.5(2), C.R.S. (1993 Cum.Supp.), which is punishable by up to 6 months in the county jail and a fine.

Equal protection of the laws is guaranteed by the Fourteenth Amendment and by the due process clause in Colo. Const. art. II, § 25. *People v. Oliver*, 745 P.2d 222 (Colo.1987). Equal protection of the laws assures that those who are similarly situated will be afforded similar treatment. *People v. Mozee*, 723 P.2d 117 (Colo.1986).

■ As a result, when two criminal statutes impose different penalties for identical conduct, a defendant convicted and sentenced under the statute with the more severe penalty is denied equal protection of the laws. *People v. Mozee, supra.* If, on the other hand, there are reasonable distinctions between the statutes, there is no denial of equal protection. *People v. Cagle*, 751 P.2d 614 (Colo.1988), *appeal dismissed sub nom. Cagle v. Colorado*, 486 U.S. 1028, 108 S.Ct. 2009, 100 L.Ed.2d 597 (1988).

■ To establish a reasonable distinction between two statutes for purposes of equal protection, the statutory classifications of crimes must be "based on differences that are real in fact and reasonably related to the general purposes of criminal legislation." *People v. Mumaugh*, 644 P.2d 299, 301 (Colo.1982). Those differences must be reasonably related to the objects or persons dealt with and to the public purpose

achieved by the legislation involved. *People v. Taggart*, 621 P.2d 1375 (Colo.1981).

We hold that the General Assembly did not violate the equal protection clause in determining that the conduct encompassed by § 18–1–1001 is deserving of a classification distinct from that encompassed in § 14–4–102.

In order to violate § 18–1–1001, a person must have already been charged with a criminal offense. The purpose of the statute is to afford protection for witnesses to, and victims of, the crime charged.

A person restrained under § 14–4–102, on the other hand, has either committed an act or threatened an act of domestic abuse but has not necessarily been charged with any criminal violation. Further, not all dangerous domestic violence situations involve criminal conduct. *See Stuckey v. Stuckey*, 768 P.2d 694 fn. 7 (Colo.1989). Thus, § 14–4–102 is designed to protect children and adults in a volatile domestic setting while § 18–1–1001 seeks to protect those who must present evidence in the criminal justice system.

Accordingly, we conclude that the legislative classification of violation of a criminal restraining order as a crime more serious in penalty than the offense of violating a domestic abuse restraining order is neither arbitrary nor unreasonable and does not violate equal protection of the laws. *See People v. Taggart, supra* (classification of child abuse as a crime requiring a more severe penalty than that for criminally negligent homicide of a child upheld).

### II.

 Defendant also contends that the trial court erred in ordering him to pay restitution in the amount of $5,178.10. He argues that because he was found guilty of third degree assault, rather than second degree assault, the jury concluded that he had not caused the victim's temporomandibular joint dysfunction (TMJ). Therefore, he argues, he should not be required to pay restitution to correct that specific problem. We disagree.

"Payment of restitution is authorized only as to the victim of a defendant's con-duct, and only for the actual pecuniary damage the victim sustained as the direct result of the defendant's conduct." *People v. Deadmond*, 683 P.2d 763, 774 (Colo. 1984).

 Initially, we note that the defendant has failed to provide this court with the transcript of the sentencing hearing. Under such circumstances, we will presume that the trial court's challenged rulings are correct. *See People v. Wells*, 776 P.2d 386 (Colo.1989). Furthermore, those documents included in the record support the court's ruling.

A victim impact statement establishes a basis for the order of restitution. In addition, the police report attached to the presentence report indicates that the victim suffered severe trauma to her face, consistent with tooth movement, opening of the bite, and TMJ symptoms. A dentist in effect opined that there was a substantial risk of protracted loss or impairment of the function of the jaw from TMJ and the mastication muscle.

Under these circumstances, the restitution order did not constitute error.

The judgment and order are affirmed.

JONES and REED, JJ., concur.