The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

James B. BROCKELMAN, Defendant–Appellant.

No. 94CA1119.

Colorado Court of Appeals, Div. II.

Aug. 24, 1995.

As Modified on Denial of Rehearing Oct. 5, 1995.

Certiorari Granted May 20, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Paul Koehler, Assistant Attorney General, Denver, CO, for plaintiff-appellee.

James B. Brockelman, pro se.

Opinion by Judge CRISWELL.

Defendant, James B. Brockelman, appeals the denial of his Crim.P. 35(c) motion to modify the terms of his probation. We reverse and remand for further proceedings.

Defendant was convicted of committing a third degree assault upon his girlfriend and was sentenced to a term of incarceration; he did not appeal that conviction and sentence. While that charge was pending, the trial court entered two orders restraining defendant from contacting the victim. Defendant violated these orders by making a telephone call to her, and he was later convicted of these violations. Defendant's conviction of these violations was affirmed in *People v. Brockelman*, 862 P.2d 1040 (Colo.App.1993).

For violating the restraining orders, defendant was sentenced to two years' probation (which term has since been extended). One of the conditions of his probation is that defendant have no contact with the victim; defendant does not challenge this condition. He does challenge another condition that he "not be found in the Evergreen or Bergen Park area."

Defendant's girlfriend was a resident of Evergreen; defendant himself lived and worked in that area. Defendant filed a Crim.P. 35(c) motion to modify this condition, contending that it is unnecessarily broad and, therefore, not authorized by law. He also contends that this restriction violates several of his constitutional rights. Because we agree that this restriction exceeds the sentencing court's statutory authority, we do not reach defendant's constitutional claims.

I.

As a threshold matter, we consider the jurisdiction of this court to consider this appeal.

A.

■ Section 16–11–101(1)(a), C.R.S. (1986 Repl.Vol. 8A) provides that:

The granting or denial of probation and the conditions of probation shall not be subject to appellate review unless proba-

tion is granted contrary to the provisions of this title.

In *People v. Cera*, 673 P.2d 807 (Colo.App. 1983), this section was interpreted to allow this court to consider claims that a condition of probation violates another section of Title 16. *Cf. People v. Martinez*, 844 P.2d 1203 (Colo.App.1992) (no jurisdiction to consider allegation that condition of probation violated a provision of Title 18); *People v. Smith*, 681 P.2d 525 (Colo.App.1983) (same with respect to Title 17).

As described below, defendant contends that the challenged condition violates § 16–11–204, C.R.S. (1994 Cum.Supp.). Hence, this court has jurisdiction to consider his claim. *See People v. Cera, supra.*

B.

■ Relying on *People v. McCarty*, 851 P.2d 181 (Colo.App.1992), *aff'd*, 874 P.2d 394 (Colo.1994), the People contend that, in accepting the trial court's offer of probation, rather than incarceration, defendant has waived the right to object to the terms thereof. We disagree.

In *McCarty*, the defendant challenged the court's order of restitution. As an alternative ground for rejecting her appeal, a division of this court noted that she had been free to reject the imposition of probation had she objected to its terms. In affirming, however, our supreme court addressed the substantive validity of the condition; it did not rely upon the alternative grounds contained in the division's opinion.

Further, a similar argument was rejected in *Cumhuriyet v. People*, 200 Colo. 466, 615 P.2d 724 (1980). The supreme court there drew a distinction between a condition of probation that, while statutorily authorized, is allegedly too severe and a condition that is beyond the sentencing court's statutory authority. The court held that a defendant may challenge the latter type of condition, despite having accepted the alternative of probation.

In the light of *Cumhuriyet*, this aspect of the holding in *McCarty* is inapplicable to the condition here challenged, and we possess

jurisdiction to consider the authority of the trial court to impose such a condition.

## II.

◼ Although trial courts have wide discretion in imposing conditions upon a sentence of probation, because probation is purely a statutory creation, any such conditions must be authorized by the General Assembly. *People v. Ledford,* 173 Colo. 194, 477 P.2d 374 (1970); *People v. Richards,* 795 P.2d 1343 (Colo.App.1989).

A court may grant probation subject to such conditions "as the court in its discretion deems reasonably necessary to insure that the defendant will lead a law-abiding life and to assist the defendant in doing so." Section 16–11–204(1), C.R.S. (1994 Cum.Supp.). In addition to a number of statutorily specified conditions, a court may require a defendant to "[s]atisfy any other conditions reasonably related to the defendant's rehabilitation and the purposes of probation." Section 16–11–204(2)(a)(XV), C.R.S. (1994 Cum.Supp.).

Here, one of the conditions imposed upon defendant was that he was to have no contact with the victim. Given this condition, the general prohibition that defendant "not be found in the Evergreen or Bergen Park area" is not "reasonably necessary to insure that the defendant will lead a law-abiding life," nor is it "reasonably related to the defendant's rehabilitation."

The conduct for which defendant was convicted, telephoning the victim, did not involve his presence in the Evergreen or Bergen Park area. Further, defendant's criminality involved contact with the victim, wherever she might be found, and there was no showing that such contact assumed some greater criminality if made within the restricted area, rather than elsewhere.

◼ The imposition of a geographical restriction upon a probationer's movements has been upheld if narrowly tailored and reasonably related to the crime committed and to the prevention of similar future criminal acts. *See Oyoghok v. Anchorage,* 641 P.2d 1267 (Alaska App.1982) (convicted prostitute prohibited from being in two-block red light area); *Johnson v. State,* 547 So.2d 1048 (Fla. App.1989) (convicted drug offender restricted from being within one-block area known for high drug use); *Gibbons v. State,* 775 S.W.2d 790 (Tex.App.1989) (convicted for trespass against church, defendant required to stay away therefrom).

◼ On the other hand, the restriction cannot be so broad as to have little, if any, reasonable relationship to the crime sought to be prevented. *See Jones v. State,* 727 P.2d 6 (Alaska App.1986) (prohibition against being in downtown high-crime area where defendant convicted of marijuana offense lived and worked invalid); *Edison v. State,* 709 P.2d 510 (Alaska App.1985) (upon alcohol offense conviction, order to stay out of town not justified); *State v. Ferre,* 84 Or.App. 459, 734 P.2d 888 (1987) (upon domestic violence conviction, order to stay out of county improper); *State v. Jacobs,* 71 Or.App. 560, 692 P.2d 1387 (1984) (abuse of neighbors conviction, order to stay out of town not sustainable).

◼ Here, the defendant's movements were not narrowly restricted; rather, the restriction related to a large geographic area that was not specifically defined and in which defendant had been, and expected to be, employed on construction projects. In addition, the restriction is not reasonably related to the prevention of future assaults upon the victim; the restriction continues to apply even if the victim leaves the area.

Given these considerations, we conclude that the trial court lacked authority to impose the broad geographical restriction contained within the probation order. That condition, therefore, must be removed.

The order denying defendant's Crim.P. 35(c) motion is reversed, and the cause is remanded to the trial court to amend its order placing defendant on probation in ac-

cordance with the views expressed in this opinion.

JONES and TURSI,* JJ., concur.