The PEOPLE of the State of
Colorado, Petitioner,

v.

James B. BROCKELMAN, Respondent.

No. 95SC685.

Supreme Court of Colorado.

March 10, 1997.

We granted certiorari in this case to review the judgment of the court of appeals overturning this geographic restriction and conclude that the restriction imposed by the trial court was a reasonable condition of probation arising from Brockelman's conviction for third degree assault.[1] We hold that the imposition of this geographic restriction as a condition of probation did not constitute an abuse of discretion by the trial court.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, Paul Koehler, Assistant Attorney General, Criminal Enforcement Section, Denver, for Petitioner.

James B. Brockelman, Aurora, pro se.

David F. Vela, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, for Amicus Curiae Colorado State Public Defender.

Justice BENDER delivered the Opinion of the Court.

The defendant in the trial court and the respondent in this action, James Brockelman, appealed to the court of appeals the trial court's denial of his post-conviction motion to modify the terms of his probation. Brockelman argued that the geographic restriction imposed as a condition of probation was not reasonably related to the purpose of probation, and the court of appeals agreed, invalidating the geographic restriction. *People v. Brockelman*, 916 P.2d 592 (Colo.App.1995) (*Brockelman II* ).

## I.

As Brockelman and his girlfriend were driving home, he stopped his truck in the middle of the highway and beat her severely. Upon reaching their home he choked her twice until she almost lost consciousness. The victim was traumatized and suffered physical injuries. Brockelman was arrested, charged, and released on bond. A condition of his bond was that he have no contact with the victim, who shortly after the assault obtained civil and criminal restraining orders.

One morning at 2:30 a.m., Brockelman made a threatening telephone call to the victim. The victim tape recorded this telephone call, and it formed the basis for additional charges.

Brockelman was convicted by a jury of the crimes of third degree assault,[2] violation of the terms of a civil restraining order,[3] violation of the terms of a criminal restraining order,[4] and violation of a condition of his bond.[5]

At sentencing, the trial court imposed a six-month jail sentence for the convictions involving the telephone call and placed Brockelman on probation for two years for the third degree assault conviction. The trial court expressed concerns for the psychologi-

---

1. The certiorari issue was framed as follows: Whether a trial court violates section 16–11–204, 8A C.R.S. (1986 & 1992 Supp.), and thus imposes an illegal condition of probation, if it requires a defendant, who has failed to comply with several previous standard no contact provisions, to stay out of the two unincorporated communities where the victim lives.

2. § 18–3–204, 8B C.R.S. (1986).

3. § 18–6–803.5, 8B C.R.S. (1992 Supp.) (prior to 1994, 1995, and 1996 amendments).

4. § 18–6–803.5, 8B C.R.S. (1992 Supp.) (prior to 1994, 1995, and 1996 amendments).

5. § 18–8–212, 8B C.R.S. (1996 Supp.).

cal trauma suffered by the victim and for the victim's personal safety. The trial court also stated that Brockelman needed professional guidance in dealing with his attitude toward women. The trial court told Brockelman that it was placing him on probation for two years rather than imposing a lengthy sentence of incarceration to permit him to attend and complete treatment. As a condition of probation, the trial court required that Brockelman complete the AMEND (Abusive Men Seeking New Direction) program or a similar program to-help him address problems in his relationships with women. As an additional condition of probation, the trial court instructed Brockelman to "not be found in the Evergreen or Bergen Park area" where the victim lived. In response to defense counsel's concern that Brockelman might be employed on the road construction of Highway 285, the trial court clarified that Highway 285 was not considered to be within the boundaries of Evergreen and that the defendant "knows what Evergreen and Bergen Park constitutes."

Brockelman appealed the convictions relating to the restraining orders and bond condition, and the court of appeals affirmed in *People v. Brockelman,* 862 P.2d 1040 (Colo. App.1993) (*Brockelman I* ). Brockelman did not appeal the third degree assault conviction.

Brockelman subsequently filed a Crim.P. 35(c) motion to modify the condition of probation prohibiting him from being in the Evergreen or Bergen Park area.[6] He argued that this restriction was beyond the trial court's statutory authority. The court denied the Crim.P. 35(c) motion, stating:

> The Court finds that such a provision is appropriate in this case. The victim lives and frequents the business establishments in that area. The defendant assaulted the

victim and caused the victim to be placed in great fear. The evidence presented at the trial caused this Court to have serious concerns for the safety of the victim. The only way to enforce a no contact provision with the victim was to prohibit the defendant from being in the area where she lived. Such a provision is a legitimate condition of probation because it provides a level of protection for the victim in the case as well as contributing to the rehabilitation of the defendant. Such a condition is authorized in the statutes at C.R.S. 16–11–204(2)(*l* ).

The district court judge subsequently issued an order in which he stated:

> [T]he Court would ... entertain a modification of probation which would allow the defendant to be on a job site in the Evergreen area if the Defendant could produce evidence that he had in fact had employment and that he was required to be in those areas as a condition of employment. The Court further indicate[s] that the Court would consider such a modification only if the victim in this case had been free from any harassment by the Defendant. [We] continue this matter for further hearing until August 8, 1994 at 8:00 a.m. At that time the Court will hear evidence from the Defendant as to his employment and the necessity for his appearance at job sites in the Evergreen area and evidence from the District Attorney as to any contact between the victim and the Defendant.

Brockelman appeared at the scheduled hearing but stated that he did not wish to pursue modification of probation at that time.

Brockelman then appealed the denial of his Crim.P. 35(c) motion. The court of appeals reversed the trial court on the grounds that the prohibition was not "reasonably neces-

---

6. Crim.P. 35(c)(2) provides in part:
   [E]very person convicted of a crime is entitled as a matter of right to make application for postconviction review upon the grounds hereinafter set forth. Such an application for postconviction review must, in good faith, allege one or more of the following grounds to justify a hearing thereon:

   . . . .
   (IV) That the sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law. . . .

sary to insure that the defendant will lead a law-abiding life," and that the restriction was not "reasonably related to the defendant's rehabilitation." *Brockelman II*, 916 P.2d at 594.

The Attorney General asserts that the court of appeals erred when it concluded that the sentencing court lacked statutory authority to impose the geographic restriction, and argues that this restriction was reasonably related to the statutory purposes of probation and was within the discretionary authority of the trial court to impose.

The defendant argues that this restriction (1) is not related to the underlying offense; (2) encompasses a large geographic area and must be more narrowly tailored; (3) is punitive because it is unrelated to his rehabilitation; (4) is unduly severe because he anticipates work in the area; (5) is unreasonable because it would remain in effect if the victim left the area; and (6) is more restrictive than necessary to accomplish the goals of the trial court.

## II.

As threshold matters, we address two issues. First, the issue on certiorari is arguably moot. Jefferson County District Court records indicate Brockelman's probation was terminated on December 9, 1996. We take judicial notice of this fact pursuant to CRE 201(b)(2).[7] Because Brockelman is no longer subject to probation, any judgment we render will have no practical legal effect upon these parties. We address this case nonetheless because it falls within the exception to the mootness doctrine that allows review of "important issues capable of repetition yet potentially evading review." *People v. Quinonez*, 735 P.2d 159, 161 n. 1 (Colo.1987).

As a second threshold issue, we note that the court of appeals' opinion relied on the conclusion that Brockelman was sentenced to

probation not for the crime of third degree assault, but for the telephone call. *See Brockelman II*, 916 P.2d at 593, 594. Our review of the record reveals that Brockelman was placed on probation for the conviction of third degree assault, and this fact is important to our decision here.

## III.

Probation is a statutory creation and the terms of probation must be derived from the applicable statute. *See People v. Ledford*, 173 Colo. 194, 196, 477 P.2d 374, 375 (1970). A probationer may challenge terms of probation that are not within the statutory authority of the court. *See Cumhuriyet v. People*, 200 Colo. 466, 468, 615 P.2d 724, 725 (1980). The General Assembly granted trial courts broad powers to craft appropriate conditions of probation:

> When it appears to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, the court may grant the defendant probation for such period and upon such terms and conditions as it deems best.

§ 16–11–202, 8A C.R.S. (1986).

Section 16–11–204, 8A C.R.S. (1986 & 1992 Supp.), provides in pertinent part:

> (1) The conditions of probation shall be such as the court in its discretion deems reasonably necessary to insure that the defendant will lead a law-abiding life and to assist the defendant in doing so....

> (2) When granting probation, the court may, as a condition of probation, require that the defendant:

> . . . .

> (*l*) Satisfy any other conditions reasonably related to the defendant's rehabilitation and the purposes of probation.

"Probationary conditions serve the dual purpose of enhancing the reintegration of the

---

7. CRE 201 provides in part:
   (b) Kinds of Facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is ... (2) capable of accurate and

ready determination by resort to sources whose accuracy cannot reasonably be questioned.

offender into a responsible life style and affording society a measure of protection against recidivism." *People v. Ressin,* 620 P.2d 717, 719 (Colo.1980); *see also* ABA *Standards for Criminal Justice Sentencing* Standard 18–3.12 (3d ed. 1994) ("ABA *Criminal Sentencing Standards* ") (stating that it is appropriate to "give priority to the use of sanctions that have the purpose and effect of promoting offenders' future compliance with the law. Compliance programs, alone or in conjunction with other types of sanctions, are an appropriate type of sanction for all offenders.").

Colorado's probation statute and case law reflect the widely-accepted principle that "[t]he basic condition of every sentence to a compliance program is that the offender lead a law abiding life … [and that] [d]iscretionary conditions may deal appropriately with other matters to the extent that restrictions have a reasonable relationship to the individual's current offense and criminal history." ABA *Criminal Sentencing Standards* Standard 18–3.13(d). *See also People v. Lent,* 15 Cal.3d 481, 124 Cal.Rptr. 905, 541 P.2d 545, 548 (1975) ("A condition of probation will not be held invalid unless it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to possible future criminality."); *Biller v. State,* 618 So.2d 734, 735 (Fla.1993) (setting aside probation condition that offender convicted of carrying concealed firearm refrain from using or possessing alcoholic beverages; condition found unrelated to offense and addressed to noncriminal conduct not related to future criminality).

■ Geographic restrictions as a condition of probation are a matter of first impression for this Court. We hold that to determine whether a specific geographic restriction is reasonably related to the statutory purposes of probation the trial court should consider the following factors: (1) whether the restriction is reasonably related to the underlying offense; (2) whether the restriction is punitive to the point of being unrelated to rehabilitation; (3) whether the restriction is unduly severe and restrictive because the defendant resides in the area and is forced to relocate, or is employed or anticipates employment in the area; (4) whether the defendant may petition the court to lift the restriction temporarily when necessary; and (5) whether less restrictive means are available. We note that while these criteria are not exhaustive, they have been appropriately developed by other courts and are helpful tools which, at a minimum, should form a basis to guide trial courts in imposing a geographic restriction as a condition of probation. *See, e.g., Edison v. State,* 709 P.2d 510, 511 (Alaska.Ct.App.1985) (striking restriction excluding defendant from town where defendant worked as not reasonably related to offense of driving under the influence); *People v. Beach,* 147 Cal.App.3d 612, 195 Cal.Rptr. 381, 385 (1983) (striking condition forcing defendant to relocate from home of twenty-four years); *People v. Higgins,* 22 Mich. App. 479, 177 N.W.2d 716, 717 (1970) (striking restriction prohibiting defendant from playing basketball as unrelated to crime of breaking and entering and more likely to impede than to promote rehabilitation).

In addition, we must consider the court of appeals' decision in the context of the applicable standard of review which requires an abuse of discretion by the trial court to occasion any modification of the trial court's sentence. *See People v. Watkins,* 684 P.2d 234, 239 (Colo.1984); *see also* ABA *Criminal Sentencing Standards* Standard 18–8.2(ii). We are mindful that sentencing is by nature discretionary, and the trial court possesses more familiarity with the offender and the facts of the case than does an appellate court. *See People v. Blizzard,* 852 P.2d 418, 419 (Colo.1993).

■ Applying these principles, we conclude that the geographic restriction was reasonably related to the underlying offense, third degree assault, in which the defendant

knowingly caused bodily injury to the victim.[8] This condition of probation was designed to prevent any possibility of physical contact, however inadvertent, between the defendant and the victim for the period of probation. At the time of sentencing, the defendant neither lived nor worked in the Evergreen and Bergen Park area, and the victim did. We conclude that there exists a nexus between the assault for which Brockelman was convicted and the probation condition imposed.

Brockelman cites several decisions from other states in support of his argument to strike the geographic restriction. These cases are factually distinguishable. The geographic restrictions in *Edison v. State,* 709 P.2d 510 (Alaska.Ct.App.1985), *Jones v. State,* 727 P.2d 6 (Alaska.Ct.App.1986), and *People v. Beach,* 147 Cal.App.3d 612, 195 Cal.Rptr. 381 (1983), all failed because they prohibited probationers from entering areas where they lived or worked. Brockelman neither lived nor worked in Evergreen or Bergen Park.[9] Brockelman also cites *In re White,* 97 Cal.App.3d 141, 158 Cal.Rptr. 562 (1979), where the court found that excluding the defendant from a metropolitan area could cause the defendant to violate probation inadvertently when traveling through the area on public transportation. By contrast, Brockelman faced no danger of inadvertently traveling through Evergreen and Bergen Park on public transportation, as these are predominantly destination residential areas.

▆ Brockelman contends that the restricted geographic area is unduly large and not sufficiently defined. We reject this argument because of the sentencing court's expressed concern about the safety of the victim and the court's statement that "[h]e [the defendant] knows what Evergreen and Bergen Park constitutes." Significantly, the court told Brockelman that Highway 285, where he might be working, was not in the restricted area. We recognize that this condition is a substantial liberty restriction; however, it furthers Brockelman's rehabilitation by reducing the possibility that he may have inadvertent contact with the victim, engage in another assault, and lose the benefit of the treatment he was to receive on probation.

The facts of the criminal conviction and the fact that Brockelman did not live or work in the restricted area provided a substantial basis for the sentencing court to impose this geographic limitation as a condition of probation, and therefore, we find no obligation for the court to use less restrictive means than were ordered.

▆ The court of appeals aptly points out that the geographic restriction, as imposed, would remain in effect in the event the victim left the Evergreen or Bergen Park area. This is so because the order contained no limiting language or mechanism for modification if the victim were to have moved. The trial court possesses the power, upon a finding of good cause, to modify a condition of probation due to changed circumstances. *See* 16–11–204(4), 8A C.R.S. (1986).[10] *See also* ABA *Criminal Sentencing Standards* Standard 18–7.2.[11] We agree that when imposing a geographic restriction as a condition of probation, the better practice would be for the trial court to incorporate an informational reporting system to trigger appropriate

---

**8.** "A person commits the crime of assault in the third degree if he knowingly or recklessly causes bodily injury to another person...." § 18–3–204, 8B C.R.S. (1986).

**9.** As noted earlier, Brockelman had the opportunity to seek modification of this restriction but apparently chose to withdraw this request.

**10.** "For good cause shown ... the judge may reduce or increase the term of probation or alter the conditions or impose new conditions." § 16–11–204(4), 8A C.R.S. (1986).

**11.** "[A] sentencing court, at any time during the period that the court has retained jurisdiction over a sentenced offender, [may] modify the requirements or conditions of a sanction to fit the present circumstances of the offender. Such sentences include ... a sentence to a compliance program." ABA *Criminal Sentencing Standards* Standard 18–7.2.

changes in the condition of probation in light of changed circumstances. For example, the trial court could have required the probation department to notify the court in the event the victim moved. Then the court could have modified the restriction imposed. We agree that restrictive conditions of probation, such as the geographic condition imposed in this case, should be framed in as precise and narrow terms as possible. *See* ABA *Criminal Sentencing Standards* Standard 18–5.19(b). However, because we find that this restriction was statutorily authorized and reasonable under the circumstances of this case, we do not find the lack of precision in this condition to be fatal.

## IV.

We reverse the court of appeals in *Brockelman II* because the condition of probation imposed by the trial court was reasonably related to Brockelman's conviction of third degree assault. We hold that the imposition of this geographic restriction as a condition of probation did not constitute an abuse of discretion by the trial court.